UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 10-80348-CIV-COHN/SELTZER

CONSTANCE ANDERSON,

       Plaintiff,

v.

BELLE GLADE MUNICIPAL SUPPLIER,

       Defendant.
_____/

## ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on Plaintiff Constance Anderson's Application to Proceed Without Prepayment of Fees and Affidavit [DE 3] ("Application"). The Court has considered the Application, the supporting financial affidavit, the record in this case, and is otherwise advised in the premises.

In connection with Plaintiff's Application, the Court must conduct a screening pursuant to 28 U.S.C. § 1915(e)(2). The Court is required to dismiss the Complaint [DE 1] on a finding that the Complaint is either frivolous, malicious or fails to state a claim upon which relief may be granted.

The Complaint alleges that Plaintiff has suffered adverse health issues from drinking the tap water in Belle Glade, Florida. The Complaint brings an action against "Belle Glade Municiple Supplier" [sic] or "Bell Glade Municiple of Palm Beach County" [sic][1] pursuant to the Federal Tort Claims Act ("FTCA"). Plaintiff claims that she has

---

[1] There are different names for the Defendant in the Complaint and the Application, however, the Court assumes that Plaintiff is referring to the same entity.

been "suffering since 2005" and she seeks monetary damages. As discussed below, the Complaint will be dismissed without prejudice for failure to state a claim under the FTCA. Plaintiff will have until March 29, 2010 to amend her Complaint.

## I. LEGAL STANDARD

A complaint filed by a plaintiff seeking to proceed *in forma pauperis* is subject to a screening pursuant to 28 U.S.C. § 1915(e)(2). Section 1915 reads in pertinent part:

> (e) (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that-
>
> ...
>
> (B) the action or appeal-
>
> ...
>
> (i)     is frivolous or malicious;
> (ii)    fails to state a claim on which relief may be granted; or
> (iii)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915. A complaint is "frivolous" under § 1915(e)(2)(B)(i) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6).").

*Pro se* complaints are held to "less stringent standards than formal pleadings

drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Nevertheless, the Court does not have "license to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading in order to sustain an action." GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted).

## II. ANALYSIS

The FTCA was designed to provide redress for ordinary torts recognized by state law. Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001). "Under the FTCA, the United States is liable for tortious conduct 'in the same manner and to the same extent as a private individual under like circumstances' after applying the applicable law in the same jurisdiction." Turner ex rel. Turner v. United States, 514 F.3d 1194, 1203 (11th Cir. 2008) (quoting 28 U.S.C. § 2674). The FTCA provides that a suit against the United States is the exclusive remedy for damages for injury or loss of property "resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1); see also Celestine v. Mount Vernon Neighborhood Health Center, 289 F. Supp. 2d 392 (S.D.N.Y. 2003).[2]

---

[2] In addition, a claimant under the FTCA must meet certain exhaustion requirements before a federal court may exercise jurisdiction over a suit under the FTCA, including presentation of a claim to the appropriate federal agency and denial of the claim by the agency. See 28 U.S.C. § 2675(a); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994). The failure of the agency to make a final disposition within six months after the claim is filed shall, at the option of the claimant any time thereafter,

3

The FTCA defines an "employee of the government" to include "officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. To determine whether an individual is an "employee of the government" under the FTCA, courts employ the "control test." See, e. g., Robb v. United States, 80 F.3d 884, 887-91 (4th Cir. 1996); Ezekiel v. Michel, 66 F.3d 894, 899-904 (7th Cir. 1995); Bird v. United States, 949 F.2d 1079, 1084-88 (10th Cir. 1991). Under this test, a person is not an "employee of the government" for FTCA purposes unless the federal government controls and supervises the day-to-day activities of the individual. See Logue, 412 U.S. at 526-32.

The Defendant named in the Complaint is not a federal entity nor can it be considered an employee of the federal government. See Allen v. City of Kansas City, Kan., 660 F. Supp. 489, 494 (D. Kan. 1987) (holding that "the Kansas City Housing Authority cannot be considered to be an employee of the federal government within the meaning of the Federal Tort Claims Act"). Therefore, this action cannot proceed under the FTCA. In addition, should the Plaintiff decide to file an Amended Complaint, the Plaintiff must be certain to identify the correct name and address for any party named as a Defendant.

### III. CONCLUSION

Based on the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1.  This Complaint [DE 1] is **DISMISSED without prejudice**.

---

be deemed a final denial of the claim. See 28 U.S.C. § 2675(a).

4

2.  Plaintiff may file an Amended Complaint **on or before March 29, 2010**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this ___9th___ day of March, 2010.

JAMES I. COHN
UNITED STATES DISTRICT JUDGE

Copies provided to:

Constance Anderson, *pro se*
4502 Coral Palms Lane, Apt. 8
Naples, FL  34116